FILED

MAR 17 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>APM, Inc.,<br><br>      Debtor.<br><br>APM, Inc.,<br><br>      Plaintiff,<br><br>v.<br><br>BRUNI GLASS PACKAGING, INC.<br><br>      Defendant. | Case No. 04-27694-C-11<br><br><br><br><br><br>Adv. Proc. No. 05-2113 |

**MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

On March 22, 2005, APM, Inc., plaintiff herein, filed a complaint for avoidance of preferential transfers pursuant to 11 U.S.C. § 547, recovery of avoided transfers pursuant to 11 U.S.C. § 550, and damages for breach of contract. Defendant, Bruni Glass Packaging, Inc., ("BGP II"), is the successor by merger of Vetrerie Bruni U.S.A., Inc. ("VB USA"), and Bruni Glass Packaging, Inc. ("BGP I"). In its complaint, plaintiff alleged that it sold to BGP I certain business assets. In connection with the sales transaction, BGP I was to pay monies to plaintiff for the purchase of the

41

business assets. Within ninety days of plaintiff's chapter 11 filing, BGP I paid a portion of the purchase price to VB USA in satisfaction of plaintiff's outstanding indebtedness to VB USA. Plaintiff claimed that the payments received by VB USA constituted avoidable transfers pursuant to § 547. Plaintiff also claimed it was entitled to recover the monies paid to VB USA upon the avoidance of the transfers.

Plaintiff further alleged in its complaint that BGP I and BGP II breached certain contracts between plaintiff and BGP I.

Defendant filed an answer denying the allegations raised by plaintiff. Defendant further set forth twenty-one affirmative defenses.

On February 14, 2006, plaintiff filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056, in which it asserted that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law on the following matters: All elements of its first cause of action alleging fraudulent transfer under § 547(b), defendant's first affirmative defense § 547(c)(1), defendant's third affirmative defense under § 547(c)(4), and defendant's fourth, fifth, sixth and twelfth affirmative defenses alleging release of claims, unclean hands, estoppel, and waiver, respectively.

Notice was timely served on defendant and a hearing on the motion was scheduled for March 14, 2006. In response, defendant filed an opposition. In its opposition, defendant alleged that plaintiff could not establish a prima facie case of an avoidable preference as set forth in its first cause of action. Defendant further alleged that triable issues of material fact exist with respect to the remaining affirmative defenses subject to plaintiff's summary judgment motion. Defendant withdrew its third affirmative defense. Plaintiff filed a reply to defendant's opposition. A hearing was held on March 14, 2006. The court entered its findings of fact and conclusions of law on the record.

The court may grant a motion for summary judgment if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056; <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986).

The plaintiff has not shown that there is no genuine issue of material fact regarding its first cause of action under § 547(b). Nor has plaintiff shown that there is no genuine issue of material fact with respect to defendant's first affirmative defense under 547(c)(1).

Accordingly, the plaintiff is not entitled to judgment as a matter of law on those issues.

The plaintiff has shown, however, that there is no genuine issue of material fact regarding defendant's fourth (release), fifth (unclean hands), sixth (estoppel), and twelfth (waiver), affirmative defenses. Further, no genuine issue of material fact exists with respect to defendant's third affirmative defense (§ 547(c)(4)), because such defense was withdrawn by defendant in its opposition to plaintiff's motion.

Accordingly, the plaintiff is entitled to judgment as a matter of law on those issues.

An appropriate order shall issue.

Dated: March 17, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

4

Case 05-02113    Filed 03/17/06    Doc 41

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Daniel Egan
Wilke, Fleury, Hoffelt, Gould & Birney, LLP
400 Capitol Mall 22nd Floor
Sacramento, CA 95814

APM, Inc.
C/o Daniel Egan
Wilke, Fleury, Hoffelt, Gould & Birney, LLP
400 Capitol Mall 22nd Floor
Sacramento, CA 95814

Bruni Glass Packaging, Inc.
Attn: Corporate Service Company
2730 Gateway Oaks #100
Sacramento, CA 95833

Mike Nakagawa
2151 River Plaza Drive #195
Sacramento, CA 95833

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 3/20/06

_____
Deputy Clerk

R. Lopez